JULIA SMITH v. The EXECUTOR of RESCARRICK MOORE.

Though there be no express evidence of the delivery of an ante-nuptial agreement, and though it be found in the husband's possession after his death, its delivery will be presumed, if its due execution be proved, and it appear that it was recognized by the husband.

If an executor receive the effects of his testator, without applying them in due course of administration, his estate becomes liable for the money so received, and his executor may be called upon in equity to pay the legacies in due course of the administration of the assets which came to his hands.

BILL for the recovery of a legacy bequeathed to the complainant by the will of Ann Wilson, bearing date on the seventeenth day of March, eighteen hundred and nineteen. The bill states that the will was made by virtue of an ante-nuptial agreement, entered into by the testatrix previous to her marriage with her intended husband, in the words following, to wit: "Memorandum of an agreement made this seventh day of February, in the year of our Lord seventeen hundred and ninety-nine, by and between R. W. of the township of East Windsor, of the one part, and A. B. of the other part, witnesseth, that whereas there is a purpose of marriage between the said R. W. and A. B. the said W. covenants and agrees with

41*

the said A. B. that she shall have the sole right of all the money, goods and chattels, rights and credits she is now possessed of, for to will and bequeath the same to whom she pleaseth, if the said A. B. should die before the said W.; and if the said W. dies before her, she is to have the whole of all the goods, chattels, moneys, rights and credits, and no part of what she brings to him to be his estate. And it is further agreed to, by the said A. B. to and with the said W. that she is not to have any right of dower out of the said W.'s estate, if he should die before her, excepting what the said W. bequeaths and leaves her."

That the said R. W. afterwards, and on the day of the date of the said articles of agreement, intermarried with the said A. B. and departed this life about the twenty-fifth day of February, eighteen hundred and twenty, leaving her surviving.

That the said testatrix appointed Rescarrick Moore, and his wife Sarah Moore, executors of her said will, who duly proved the same. And that the said Rescarrick Moore possessed himself of the personal estate and effects of the said testatrix, to an amount more than sufficient to pay her just debts, funeral and testamentary expenses and legacies. That the said Rescarrick Moore died on or about the first day of May, eighteen hundred and thirty-five, having appointed the defendant sole executor of his will, who duly proved the same. That all the assets belonging to the estate of the said Ann Wilson, remaining unadministered in the hands of the said Rescarrick Moore, came to the hands and possession of the said Henry A. Moore; and that the said Henry A. Moore possessed himself of the personal estate and effects of the said Ann Wilson, to an amount more than sufficient to satisfy her legacies, remaining unsatisfied by the said Rescarrick Moore.

The defendant, by his answer, denies all knowledge of the ante-nuptial agreement set out in the complainant's bill; states that at the time of executing the pretended will, she was a married woman; denies that the said Ann Wilson was possessed of any personal estate at her death; states that by written

articles of agreement between R. W. the husband of the said Ann Wilson, and the said Rescarrick Moore and Sarah Moore, the whole of the personal estate of the said Ann Wilson was transferred to the said Rescarrick Moore and Sarah Moore, upon consideration of their maintaining her during her life; that none of her estate came to the hands of the said R. M. as her executor, or to the hands of this defendant.

Hearing upon bill, answer, replication and proofs.

*H. W. Green,* for complainant.

*S. R. Hamilton* and *Vroom,* for defendant.

THE CHANCELLOR. The ante-nuptial contract is sufficiently proved. The subscribing witnesses being dead, their hand-writing subscribed to the instrument, and also the hand-writing of the parties is proved. There is no express evidence of the delivery of the instrument, and it was in the possession of Robert Wilson, the husband.

But he spoke of it as a valid agreement, and allowed his wife to use and manage her estate in accordance with its terms. He recognized it in his will, and it is fair to presume that it was duly delivered, although he may have had the custody of it.

The will of Ann Wilson was a good execution of the power reserved by the ante-nuptial contract: *Bradish* v. *Gibbs,* 3 *John. Chan. R.* 523, *and the cases there cited ; Emery* v. *Neighbor,* 2 *Hals. R.* 142.

The informality of the contract does not destroy it, the intention, and not the form, being the object of inquiry : *Wright* v. *Englefield, Ambler,* 474 ; *Rippon* v. *Dawding, Ibid,* 565.

The legacies given by the will must be considered good, and must be paid, if her estate was sufficient.

It is said that she conveyed, in her life time, all her estate to Rescarrick Moore and his wife, in consideration of their servi-

ces in taking care of her during the last six months of her life.

The instrument made for that purpose by her husband, to Moore and wife, could not convey her estate ; it would violate the ante-nuptial contract, by which was secured to her the sole right to will or bequeath her property to whom she pleased.

Some evidence is given of her declarations of having given the property to Moore and wife, and her regret that it was all she had to give them for their care of her.

But whatever may have been her right of disposing of the property otherwise than by will, and whatever may have been her meaning by such declarations, they are all overcome by the subsequent acts of Moore and wife, who, as her executors, proved her will, and filed an inventory under their respective oaths, of the very property in question.

The only remaining inquiry is, whether the estate of Rescarrick Moore is liable for the amount of the legacies.

It is in evidence that all her property was delivered to him at the time that Mrs. Wilson went to live with him; that he found in making an inventory of it, that after her death at least nine hundred dollars was paid to him upon obligations formerly belonging to her.

In whatever capacity he received this property and money, he became liable for it during his life time, and his estate after his death. And such must have been his understanding when he acknowledged his liability to the legatees.

The executor of an executor, is the executor of the first testator. But the defendant is not sued as an executor of Ann Wilson, but as executor of Rescarrick Moore, and as such he is bound to respond to the complainant for the legacy due to her, in due course of the administration of the assets which came to his hands.

Let there be a reference to ascertain the amount due to the complainant.